UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH NATHAN DUMBLETON, JR.,

                              Plaintiff,

                 v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                              Defendant.
_____

DECISION AND ORDER

17-CV-6518L

**INTRODUCTION**

Plaintiff Joseph N. Dumbleton, Jr. ("plaintiff"), brings this action under 42 U.S.C. §405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that he is not disabled under the Social Security Act.

Plaintiff originally applied for a period of disability and disability insurance benefits, as well as supplemental security income, on September 11, 2013. He listed a disability onset date of February 15, 2005. (Dkt. #7-2 at 95). Plaintiff's applications were initially denied. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on October 20, 2015 via videoconference before ALJ David J. Begley. The ALJ issued a written decision on January 25, 2016 determining that plaintiff was not disabled under the Act (Dkt. #7-2 at 95-107), and his decision became the final decision of the Commissioner when the Appeals Council denied review on June 8, 2017. (Dkt. #7-2 at 1-7). This appeal followed.

The plaintiff has moved (Dkt. #9) and the Commissioner has cross-moved (Dkt. #12) for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. For the

reasons set forth below, the Commissioner's decision is vacated, and the matter is remanded for further proceedings.

## DISCUSSION

**I.      Applicable Standards**

A person is considered disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In order to determine whether a claimant is disabled, an ALJ employs a consecutive five-step inquiry, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).

The Commissioner's decision that plaintiff was not disabled must be affirmed if it applies the correct legal standards and is supported by substantial evidence. 42 U.S.C. § 405(g); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998).

**II.     The ALJ's Decision**

The ALJ found that plaintiff had severe impairments, consisting of degenerative disc disease of the cervical and lumbar spine, and asthma. (Dkt. #7-2 at 97). Upon review of the record, the ALJ concluded that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, except that: he cannot climb ladders, ropes, or scaffolds; can no more than occasionally climb ramps or stairs, balance, stoop, kneel crouch, and crawl; and must avoid concentrated exposure to extreme cold, humidity, wetness, and irritants such as fumes, odors, dust, gases, and poorly ventilated areas. Plaintiff also must avoid hazardous machinery, unprotected

heights and open flames. (Dkt. #7-2 at 100). When presented with this RFC, vocational expert Bernard M. Preston testified that a person with plaintiff's RFC could perform the positions of order clerk, surveillance system monitor, and assembler. (Dkt. #7-2 at 106).

### A. The Treating Physician Rule

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw*, 221 F.3d at 134. In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d)[1]. Further, the ALJ must articulate his reasons for assigning the weight that he does accord to a treating physician's opinion. *Shaw*, 221 F.3d at 134; *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand") (internal quotations omitted). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *See Snell*, 177 F.3d at 134.

Plaintiff's primary care physician, Dr. Mathew J. Devine, rendered a cursory opinion on April 1, 2014, noting in a letter that plaintiff was "no [sic] able to work" due to "ongoing neck and low back pain." (Dkt. #7-9 at 1399). The ALJ made no mention of Dr. Devine's letter, and did not discuss what, if any, weight it deserved. To the extent the ALJ felt the opinion was not worthy

---

[1] A recent change to the Administration's regulations regarding the consideration of opinion evidence will eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

3

of serious consideration because it constituted a conclusory statement concerning the ultimate issue of disability (a determination which is reserved to the Commissioner), the ALJ was obligated to recontact the treating physician for clarification, in order to complete the record, particularly in light of the ALJ's rejection of all of the other medical opinions of record from treating and examining physicians relative to plaintiff's exertional limitations, as discussed below. *See Moreau v. Berryhill*, 2018 U.S. Dist. LEXIS 41743 at *36 (D. Conn. 2018). As such, remand is appropriate.

### B. The ALJ's Assessment of Other Medical Opinions of Record

"While the ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' he cannot simply selectively choose evidence in the record that supports his conclusions." *Gecevic v. Secretary of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y.1995) (*quoting Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir.1983)). Furthermore, where, as here, the record contains medical opinion evidence concerning impairments determined by the ALJ to be "severe," the ALJ is required to explain in detail his rationale for declining to credit the rejected portions of the medical opinions of record. *See Dusharm v. Colvin*, 2016 U.S. Dist. LEXIS 43194 at *18 (N.D.N.Y. 2016) (although an ALJ can render a common sense RFC determination without a physician's assessment where the medical evidence shows relatively little physical impairment, the plaintiff's impairments cannot be considered "relatively little" if the ALJ has already determined that plaintiff's degenerative disc disease of the spine is a "severe" impairment).

Here, the record contains opinions from several different treating and examining sources, all of whom assessed greater exertional limitations than those determined by the ALJ. The ALJ appropriately granted little weight to some of these opinions because they reflected only temporary

4

limitations following surgical procedures, etc. However, the ALJ also rejected opinions by: (1) consultative examiner Dr. Aharon Wolf, who examined plaintiff twice, first opining that plaintiff had a "mild limitation" for walking standing and climbing, and later opining that plaintiff can use his hands only up to two hours daily, could stand, walk, push, pull and bend no more than four hours daily, and requires a sit/stand option (Dkt. #7-7 at 584-90, Dkt. #7-9 at 1382-86); (2) treating physician Dr. Thomas Gregg, who authored two opinions and indicated that plaintiff can walk, stand, push, pull, bend, lift and carry for 1-2 hours in a workday and sit for 2-4 hours, and was capable of working for up to 10 hours per week (Dkt. #7-9 at 1395-98, 1403-1407); and (3) examining physician Dr. Anastasia Kolasna-Lenarz, who saw plaintiff on two occasions and opined that plaintiff could walk, stand, sit, push, pull, bend, lift and carry for 1-2 hours in a workday, would be off task up to 30% of the time, would have good days and bad days and would miss more than four days of work per month, would require several breaks per day, and could not always lift ten pounds (Dkt. #7-9 at 1433-36, 1440-42).

The ALJ's reasons for rejecting the medical opinion evidence concerning plaintiff's exertional limitations included plaintiff's conservative treatment history of controlling his neck and back pain with ice and medication (however, the record also describes physical therapy and osteopathic manipulation), and diagnostic imaging showing "mild" degenerative disc disease. (Dkt. #7-2 at 103-104).

The ALJ's observation that the objective evidence of record showed only "mild" degenerative disc disease understates the objective findings somewhat. X-rays of plaintiff's lumbar spine showed loss of lumbar lordosis (abnormal diminishment of lumbar spine curvature), "moderate" spondylosis (spinal column degeneration), and neuroforaminal (spinal column) narrowing, particularly in the lower lumbar spine. (Dkt. #7-7 at 565, 569, 589). X-rays and MRI

5

scans of plaintiff's cervical spine showed disc herniations and "moderate-advanced" arthritic changes, along with "moderate-severe" foraminal narrowing and "severe" spinal stenosis (compression of the spinal nerve), which plaintiff's physician Dr. Devine described as resulting in "urgent[]" referral to neurosurgery. (Dkt. #7-8 at 819-21, 858, 895-97). Because the imaging studies tended to support, rather than undermine, some of the limitations described in the medical opinions and rejected by the ALJ, the ALJ's rejection of those opinions based on their alleged inconsistency with the objective evidence of record was erroneous.

Moreover, while the Commissioner has offered numerous additional reasons why the ALJ *might* have properly declined to credit some of the limitations reflected in the medical opinions of record, post hoc rationalizations are not a sufficient substitute for the ALJ's failure to provide sufficient reasoning in the first instance. Nor can the error be said to be harmless, as the additional limitations, if credited, could have substantially impacted the ALJ's RFC determination and significantly eroded the base of sedentary work available to the plaintiff.

This is not a case "[w]here the existing record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose . . ." *Martinez v. Commissioner*, 262 F.Supp.2d 40, 49 (W.D.N.Y.2003). *See also Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). Remand is required so that the Commissioner can apply the proper legal standards in weighing the evidence of record. *See Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999).

## CONCLUSION

Plaintiff's motion for judgment on the pleadings (Dkt. #9) is granted. The Commissioner's cross-motion for judgment on the pleadings (Dkt. #12) is denied. The

Commissioner's decision that plaintiff was not disabled is vacated pursuant to 42 U.S.C. §405(g), and the case is remanded for further proceedings consistent with this opinion. On remand, the ALJ is instructed to issue a new decision which assesses all of the medical opinions of record, analyzes the opinions of treating physicians pursuant to the treating physician rule, requests additional opinions from treating physicians as appropriate, and provides good reasons for the weight given to each.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 29, 2018.